# Exhibit 1

FILED
12/19/2024 4:17 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024L014298
Calendar, U
30679327

**2120 - Served**          **2121 - Served**          **2620 - Sec. of State**

**2220 - Not Served**      **2221 - Not Served**      **2621 - Alias Sec of State**

**2320 - Served By Mail**  **2321 - Served By Mail**

**2420 - Served By Publication**  **2421 - Served By Publication**

**Summons - Alias Summons**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Kira Kuo

_____
                                    Plaintiff(s)

v.

Resilience Healthcare - West Suburban
Medical Center, LLC and Dr. Manoj Prasad
_____
                                    Defendant(s)

Case No. __2024L014298_____

Resilience Healthcare - West Suburban Medical
Center, LLC c/o Registered Agent Solutions, Inc.
901 S. 2nd St., Ste 201, Springfield, IL 62704
_____
                    Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail  ◉ Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

◉ Atty. No.: 23522
○ Pro Se 99500

Name: Workplace Law Partners P.C.

Atty. for (if applicable):

Plaintiff

Address: 155 N. Michigan Ave., Suite 719

City: Chicago

State: IL   Zip: 60601

Telephone: 312-861-1800

Primary Email: docketing@fishlawfirm.com

Witness date _____

12/19/2024 4:17 PM Mariyana T. Spyropoulos

Mariyana T. Spyropoulos, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

# GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

FILED DATE: 12/19/2024 4:17 PM   2024L014298

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

**12-Person Jury**
**Civil Action Cover Sheet - Case Initiation** (12/01/24) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Kira Kuo

v.

Resilience Healthcare-West Suburban Medical Center, LLC, and Dr. Manoj Prasad

FILED
12/19/2024 4:17 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024L014298
Calendar, U
30679327

No. 2024L014298

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand  ■ Yes  ☐ No

(FILE STAMP)

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
- ☐ 027  Motor Vehicle
- ☐ 040  Medical Malpractice
- ☐ 047  Asbestos
- ☐ 048  Dram Shop
- ☐ 049  Product Liability
- ☐ 051  Construction Injuries
    (including Structural Work Act, Road
    Construction Injuries Act and negligence)
- ☐ 052  Railroad/FELA
- ☐ 053  Pediatric Lead Exposure
- ☐ 061  Other Personal Injury/Wrongful Death
- ☐ 063  Intentional Tort
- ☐ 064  Miscellaneous Statutory Action
    (Please Specify Below**)
- ☐ 065  Premises Liability
- ☐ 078  Fen-phen/Redux Litigation
- ☐ 199  Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
- ☐ 007  Confessions of Judgment
- ☐ 008  Replevin
- ☐ 009  Tax
- ☐ 015  Condemnation
- ☐ 017  Detinue
- ☐ 029  Unemployment Compensation
- ☐ 031  Foreign Transcript
- ☐ 036  Administrative Review Action
- ☐ 085  Petition to Register Foreign Judgment
- ☐ 099  All Other Extraordinary Remedies

By: Thalia Pacheco
    (Attorney)                    (Pro Se)

**COMMERCIAL LITIGATION**
CASE TYPES:
- ☐ 002  Breach of Contract
- ☐ 070  Professional Malpractice
    (other than legal or medical)
- ☐ 071  Fraud (other than legal or medical)
- ☐ 072  Consumer Fraud
- ☐ 073  Breach of Warranty
- ☐ 074  Statutory Action
    (Please specify below.**)
- ☐ 075  Other Commercial Litigation
    (Please specify below.**)
- ■ 076  Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
- ☐ 062  Property Damage
- ☐ 066  Legal Malpractice
- ☐ 077  Libel/Slander
- ☐ 079  Petition for Qualified Orders
- ☐ 084  Petition to Issue Subpoena
- ☐ 100  Petition for Discovery

** _____

_____

Primary Email: tpacheco@fishlawfirm.com

Secondary Email: docketing@fishlawfirm.com

Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the _Clerk's Office Electronic Notice Policy_ and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: _____

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
Page 1 of 1

FILED
12/19/2024 4:17 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024L014298

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | |
|---|---|
| **KIRA KUO,** ) | |
| ) | Case No. 2024L014298 |
| Plaintiff, ) | |
| ) | For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org |
| v. ) | |
| ) | |
| **RESILIENCE HEALTHCARE -** ) | |
| **WEST SUBURBAN MEDICAL CENTER, LLC,**) | |
| and **DR. MANOJ PRASAD,** ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Kira Kuo ("Dr. Kuo" or "Plaintiff") states as follows as her Complaint against Resilience Healthcare – West Suburban Medical Center, LLC ("West Suburban") and Dr. Manoj Prasad ("Prasad").

**Nature of Action**

1. Plaintiff worked as an Infection Control Practitioner for Defendant West Suburban. After she suffered a workplace injury in June 2023 and sought to obtain workers' compensation benefits, Defendants began retaliating against her, including by suspending her and later terminating her for pretextual reasons. After placing Plaintiff on suspension, Defendants repeatedly defamed Plaintiff, including by making false statements denigrating her work performance, falsely accusing her of lying about her workplace injury and her credentials, and falsely accusing her of stealing from work, and committing fraud. Additionally, Defendants failed to timely provide Plaintiff with the required COBRA Notice of Rights following her termination. Plaintiff brings claims for retaliatory discharge in violation of public policy, defamation under

Illinois law, and for violation of the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §1166.

## Parties

2. Plaintiff is a former employee of West Suburban.

3. Defendant West Suburban is a corporation doing business within the State of Illinois and Cook County. Defendant West Suburban owns and operates a hospital facility in Oak Park, Illinois that provides a full range of medical and surgical specialties and comprehensive services.

4. Defendant Prasad is West Suburban's Chief Executive Officer ("CEO"). Defendant Prasad is a natural person domiciled in and doing business in the State of Illinois.

## Jurisdiction and Venue

5. This Court has jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 because each Defendant conducts business transactions in Illinois and has committed tortious acts in Illinois.

6. Venue is appropriate in Cook County pursuant to 735 ILCS 5/2-101 because the transactions out of which this action arose occurred in Cook County.

## Factual Allegations

7. Dr. Kuo began working at West Suburban as an Infection Control Practitioner on or around May 8, 2023.

8. Dr. Kuo has a Doctor of Medicine Degree and is Board Certified in Infection. Her certification is non-clinical.

FILED DATE: 12/19/2024 4:17 PM 2024L014298

FILED DATE: 12/19/2024 4:17 PM    2024L014298

9. As an Infection Control Practitioner, Dr. Kuo had responsibility for the development, preparation, completion, and monitoring of budget items related to infection control and for improving hospital infection control activities, among other things.

10. Dr. Kuo, in part, performed these responsibilities by regularly inspecting the hand sanitizers throughout the hospital, including the baby unit, to ensure that they were full and not expired. Also, she checked the hand sanitizers to ensure employees were actually using them.

11. Dr, Kuo was also assigned the responsibility of preparing and submitting surveys and reports related to infection control to external agencies such as the Centers for Disease Control and Prevention ("CDC") agency's National Healthcare Safety Network ("NHSN").

12. Dr. Kuo became aware that West Suburban had to submit a Centers for Medicare & Medicaid Services ("CMS") vaccination report to the NHSN by May 15, 2023, just a week after she became employed by Defendant.

13. However, Defendant failed to take steps to designate Dr. Kuo as Defendant's Facility Administrator for filing NHSN surveys and reports, a requirement for doing so. Dr. Kuo immediately began working to comply with the May 15 deadline. However, it was impossible for her to do so, through no fault of her own but due to Defendant's failure to designate her as the Facility Administrator. As a result, she was unable to access NHSN's system to submit the report.

14. Starting around May 8, 2023, Dr. Kuo contacted NHSN on various occasions via phone and email to obtain access, so she could file the report on time, but to no avail.

15. Dr. Kuo's direct supervisor was Chief Nursing Officer Maria Suvacarov.

3

16. Because Dr. Kuo was unable to access NHSN, on May 11, 2023, she proposed to her supervisor that West Suburban file an Extraordinary Circumstances Exceptions ("ECE") Request Form to obtain an extension of time on the impending deadline.

17. Supervisor Suvacarov approved this action in writing by telling Dr. Kuo via email, "If you think that is best at this point than yes."

18. That same day, May 11, 2023, Dr. Kuo sent Supervisor Suvacarov and West Suburban's CMS Security Officer Jean Miller a copy of the completed ECE Request Form for their review as CMS/NHSN would only accept papers from Dr. Kuo if Ms. Miller verified her.

19. Ms. Miller told Dr. Kuo that the form looked fine and assisted her in finalizing it.

20. With her supervisor's permission, Dr. Kuo filed the ECE Request Form on May 12, 2023, requesting that West Suburban receive more time given that she could not access the NHSN system and had not received a response to resolve this matter.

21. On May 18, 2023, NHSN finally gave Dr. Kuo access by making her the Facility Administrator for West Suburban.

22. Immediately after receiving access, Dr. Kuo submitted the CMS vaccination report to NHSN.

**Ms. Kuo Suffers a Workplace Injury:**

23. On May 24, 2023, a male entered West Suburban and assaulted a security guard. After hitting the guard, the male fled towards the exit at the main entrance.

24. At the same time that this was going on, and completely unaware of the situation, Dr. Kuo was walking into the building using the same revolving door at the main entrance.

25. Dr. Kuo and the male met at the door and were inside the revolving door at the same time.

4

26. The violent runaway male forcefully pushed the revolving door in the opposite direction that Dr. Kuo was pushing it, and as a result, Dr. Kuo's head collided hard into the glass door.

27. There were a number of employees in the lobby area who witnessed this incident.

28. Dr. Kuo was startled and shaken by this incident. Initially she felt some pain in her head, shoulders, and back, but she tried to ignore it.

29. One of the employees who walked by the scene was Executive Director of Quality, DEI, & Informatic Subhamitra Pakrashi. Ms. Pakrashi approached Dr. Kuo and walked with her to her work area.

30. Dr. Kuo tried to continue with her day normally and attended her team's morning meeting, but the pain was escalating, and Dr. Kuo informed her supervisor, Ms. Suvacarov, that her head was hurting.

31. Dr. Kuo also began to experience nausea and dizziness.

32. As a result, Supervisor Suvacarov sent Dr. Kuo to Employee Health at West Suburban.

33. Defendant's Employee Health did an initial assessment and referred her to Occupational Health Centers of Illinois (also known as Concentra) in Franklin Park, Illinois to obtain medical attention.

34. Prior to leaving West Suburban, Dr. Kuo filed an Employee Accident-Injury Exposure Report with Defendant.

35. At Concentra, Dr. Kuo was taken off of work for the rest of the day and was diagnosed with a concussion and a strain on her upper back muscles and was asked to return for a follow-up examination and treatment the following day.

5

FILED DATE: 12/19/2024 4:17 PM 2024L014298

36. On May 25, 2023, Dr. Kuo returned to Concentra as she continued to have dizziness and blurred vision. The physician at Concentra placed her on light duty and restricted her to only working four hours a day.

37. On Dr. Kuo's next workday, she went to Employee Health and submitted her doctor's note, and also notified Supervisor Suvacarov of her restrictions, and showed her doctor's note.

38. After Dr. Kuo's workplace injury, Defendant West Suburban's demeanor towards her changed, and she began to be treated differently. Among other things, Defendant:

   a. Supervisor Suvacarov and CEO Prasad repeatedly asked her to break her medical restrictions;

   b. Team leaders, Supervisor Suvacarov, and CEO Prasad planned meetings that Dr. Kuo was required to attend at times when they knew she would be out due to her restrictions; and

   c. Supervisor Suvacarov immediately switched her pay from salary to hourly.

39. Dr. Kuo's pain and medical issues from the on-the-job injury persisted, and as a result, she continued to receive treatment from Concentra. On May 31, 2023, Concentra modified her restrictions by prohibiting her from lifting more than ten pounds, no bending to the floor, and no fast head movements, and it ordered that she could only work six hours a day.

40. Dr. Kuo notified Defendant West Suburban of these modified restrictions, and again, the animosity towards her continued from Supervisor Suvacarov and CEO Prasad.

**Defendant suspends Dr. Kuo:**

41. On June 16, 2023, CEO Prasad summoned Dr. Kuo to his office.

6

FILED DATE: 12/19/2024 4:17 PM  2024L014298

42. During this meeting, CEO Prasad accused her of ruining his reputation by requesting an extension for the NHSN vaccination report and not submitting it on time. Dr. Kuo explained the situation and how it was out of her control because she did not have access to the NHSN's system. She also told him that her supervisor had approved her request for an extension.

43. Regardless, CEO Prasad placed Dr. Kuo on an indefinite suspension pending investigation.

44. Prior to being suspended, Dr. Kuo did not receive any write-ups or discipline and received positive feedback on a number of occasions from Defendants.

45. Following Dr. Kuo's suspension, Defendant stopped paying for her ongoing treatment for injuries suffered from the on-the-job accident. To date, Dr. Kuo has vision problems, including double vision, and one of her eyes has lost focus.

46. Throughout her suspension, Dr. Kuo tried contacting West Suburban on multiple occasions to find out the status of her employment. Defendant failed to respond until December 24, 2023.

**Dr. Kuo Is Fired for Her Workplace Injury:**

47. On December 24, 2023, Dr. Kuo received a letter from West Suburban backdated to September 27, 2023, stating that she was being "officially notified that you have been terminated effective June 16th, 2023."

48. At no point before December 24, 2023, had Dr. Kuo been notified that her employment with Defendant West Suburban was terminated.

49. At no point in time did Dr. Kuo receive a COBRA Notice of Rights. West Suburban cut off her health insurance in June 2023, without telling her about her COBRA rights.

**Defamation:**

50. CEO Prasad, acting for himself and for West Suburban, communicated false and defamatory statements regarding Dr. Kuo. He communicated statements that imputed an inability to perform the duties of her employment, and he accused her of criminal conduct, including fraud and theft.

51. Dr. Kuo became aware of the statements CEO Prasad was making about her in or around June 2024.

52. On June 15, 2023, CEO Prasad sent an email to HR Manager of BCN Services Sue Kester, Strategic Services Manager of BCN Services Susan Price, Chief Executive Officer of Pipeline Weiss Memorial Hospital Irene Dumanis, and Doris Gutierrez from Weiss Memorial Hospital stating that Dr. Kuo's performance from "Day 1 has been dismal and now she sends something to the federal government CMS in my name WITHOUT asking me or informing me. . . ."

53. Next, on June 16, 2023, CEO Prasad sent an email to Ms. Kester, Ms. Price, Ms. Dumanis, and Ms. Gutierrez falsely accusing Dr. Kuo of committing Worker's Comp Insurance Fraud, submitting Prasad's signature on the ECE Request Form, and posing as a member of West Suburban's medical staff. In this email, he also stated that he had walked out Dr. Kuo in part due to her "Dereliction of duties critical to the organization."

54. On June 18, 2023, CEO Prasad sent another email to Ms. Price and Ms. Dumanis stating that it was possible that Dr. Kuo "may not be who she claims to be" and along with the previous accusations, stated that she would come into work with full-sized suitcases full of things and he suspected they would find items missing from the facility and stores. He also accused Dr. Kuo of leaving West Suburban with "tons of printed documents that are likely PHI to her car."

8

55.     On July 7, 2023, CEO Prasad contacted the Oak Park Police Department via phone and verbally made a complaint against Dr. Kuo stating that Dr. Kuo claimed to be a licensed medical doctor prior to being hired as an infection control specialist and soon after she was hired, CEO Prasad found out Dr. Kuo was not a licensed physician.

56.     CEO Prasad's complaints against Dr. Kuo are false and defamatory and have caused her damages.

**COUNT I – COMMON LAW RETALIATORY DISCHARGE**
(Against Defendant West Suburban)

57.     Plaintiff repeats and realleges the paragraphs set forth above as if set forth herein.

58.     It is a violation of Illinois public policy for an employer to retaliate against an employee for exercising, or seeking to exercise, her rights under the Illinois Workers' Compensation Act ("IWCA").

59.     The IWCA, 820 ILCS 305/4(h), prohibits an employer from terminating an employee in retaliation for exercising a right guaranteed by this Act.

60.     Plaintiff had a statutory right to make a workers' compensation claim pursuant to the IWCA, 820 ILCS 305/1, *et seq*.

61.     Defendant placed Plaintiff on a disciplinary suspension and terminated Plaintiff's employment because she exercised and sought to exercise her rights under the Illinois Worker's Compensation Act, including reporting an injury sustained on the job and seeking medical treatment for injuries she suffered on the job as Defendant's employee.

62.     Defendant West Suburban's suspension and termination of Plaintiff's employment violates Illinois public policy which prohibits employers from retaliating against

9

employees for seeking to exercise their lawful rights to pursue claims arising out of work-related injuries under the IWCA.

63. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff requests judgment regarding all of her claims as follows:

a. All remedies available under law;
b. Compensatory damages in an amount in excess of $100,000;
c. Punitive damages allowable by law;
d. Pre- and post-judgment interest, costs, attorneys' fees as allowed by law; and
e. Such other relief as the Court deems just and proper.

## COUNT II – DEFAMATION PER SE
(Against All Defendants)

64. Plaintiff repeats and realleges the paragraphs set forth above as if set forth herein.

65. A defendant commits the tort of defamation where the defendant made a false statement concerning plaintiff, there was an unprivileged publication of the false statement to a third party, and the plaintiff was damaged.

66. Defamatory statements are considered *per quod* or *per se.* Statements that are defamatory *per se* and do not require a special showing of damages include: words that impute the commission of a criminal offense; words that impute an inability to perform or want of integrity in the discharge of duties of office or employment; and words that prejudice a party, or impute lack of ability, in her trade, profession, or business.

67. Starting around the time of Dr. Kuo's suspension, CEO Prasad, on behalf of West Suburban, made false statements imputing a commission of criminal offenses by Dr. Kuo, including adding his signature to a document, stealing from West Suburban, committing Workers' Compensation fraud, and falsely alleging to be a licensed physician.

10

68.     CEO Prasad also made false statements imputing Dr. Kuo's inability to perform her job. Such statements include, at minimum, that her performance from "Day 1 has been dismal" and that she engaged in dereliction of duties critical to the organization.

69.     CEO Prasad published these false statements in writing via email to, at a minimum four others, including employees of West Suburban and persons outside of West Suburban.

70.     CEO Prasad also published the statement about Dr. Kuo lying about being a licensed physician verbally to the Oak Park Police on July 7, 2023.

71.     Dr. Kuo became aware of the statements CEO Prasad was making about her ability to perform her job and imputing a commission of criminal offenses in or around June 2024.

72.     At the time the statements were made, CEO Prasad was an agent of Defendant West Suburban, who made these statements in the capacity of his employment.

73.     At all relevant times, CEO Prasad knew or should have known that the statements were false and defamatory.

74.     The statements were made in bad faith and with malicious intent to injure Dr. Kuo, to punish her for suffering a workplace injury, seeking care and restrictions, and her rights under the Illinois Workers' Compensation Act.

75.     The statements made by Defendants were not subject to innocent construction.

76.     Plaintiff's reputation was irreparably damaged, she suffered humiliation, and suffered from a loss of income, as a result of these false statements.

11

FILED DATE: 12/19/2024 4:17 PM  2024L014298

WHEREFORE, Plaintiff respectfully requests judgment in her favor and for relief as

follows:

a.  All remedies available under law;
b.  Compensatory damages in an amount in excess of $100,000;
c.  Punitive damages allowable by law;
d.  Pre- and post-judgment interest, costs, attorneys' fees as allowed by law; and
e.  Such other relief as the Court deems just and proper.

**COUNT III – VIOLATION OF ERISA, 29 U.S.C. §1166**
**Enforceable Pursuant to ERISA, 29 U.S.C. §1132**
(Against Defendant West Suburban)

77.  Plaintiff repeats and realleges the paragraphs set forth above as if set forth herein.

78.  Defendant West Suburban has breached its duty to provide a timely COBRA

Notice of Rights to Plaintiff.

79.  Plaintiff has been damaged by Defendant West Suburban's breach of its duties.

80.  Defendant West Suburban is liable for administrative penalties for these breaches

of duties.

81.  Defendant West Suburban is liable for equitable damages for this breach of its

duties.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and for relief as

follows:

a.  Grant any and all monetary relief available to Plaintiff including, but not limited
    to, administrative penalties as permitted by ERISA;
b.  Grant any and all equitable relief available to Plaintiff as permitted by ERISA;
c.  Enter an order awarding Plaintiff all reasonable attorneys fees and costs as a result
    of these violations of ERISA; and
d.  Such other relief as the Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

FILED DATE: 12/19/2024 4:17 PM   2024L014298

Dated:  December 19, 2024

Respectfully submitted,

By:/s/__Thalia Pacheco_____ _____
One of Plaintiff's Attorneys

Thalia Pacheco
Martin Stainthorp
Workplace Law Partners P.C.
155 N. Michigan Ave., Ste. 719
Chicago, IL 60601
312-861-16800
tpacheco@fishlawfirm.com
mstainthorp@fishlawfirm.com
docketing@fishlawfirm.com

13